# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL C. PECHKO, | Civil Action No. 15-3676 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| JOHN J. HOFFMAN, et al., | |
| Respondents. | |

This matter having been opened by Petitioner's filing of a Petition for a writ of habeas corpus, titled "Petition under 28 U.S.C. 2254 for a Writ of Habeas Corpus by a Person Facing State Custody." It appearing that:

1. Petitioner, who resides in Brick, New Jersey and is represented by counsel, filed the instant habeas Petition on June 1, 2015. (ECF No.)

2. On June 9, 2015, the Court screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court found that the Petition may be subject to dismissal on its face for failure to meet the "in custody" requirement for federal habeas review because Petitioner, who is not currently incarcerated, did not include any facts or supporting documentation that would satisfy the "in custody" jurisdictional requirement for habeas relief under 28 U.S.C. § 2254(a). *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."); *Leyva v. Williams*, 504 F.3d 357, 362 (3d Cir. 2007) (A federal district court has jurisdiction to entertain a habeas

petition under 28 U.S.C. § 2254(a) "only if [the petitioner] is in custody in violation of the constitution or federal law.") (citations omitted and emphasis added).

3. With respect to the "in custody" requirement, Petitioner's Petition indicated only that he resides in Brick, New Jersey, and "faces deprivation of his liberty in that he is subject to confinement at the [Intoxicated Driver Resource Center ("IDRC")]." (ECF No. 1.)  The Court, therefore, could not determine from the Petition whether Petitioner was still "subject to confinement at the IDRC" at the time he filed his habeas petition or was otherwise in custody.[1] *See United States ex rel Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) ("in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court") (citations omitted).

4. The Court issued an Order to Show Cause, which required Petitioner to explain why his Petition should not be dismissed for lack of jurisdiction for failure to meet the "in custody" requirement. (ECF No. 2.)  The Order to Show Cause also notified Petitioner as follows: "To the extent Petitioner intends to provide facts demonstrating that he meets the 'in custody' requirement for habeas relief, he should submit a certification and supporting documents, as well

---

[1] Because it was unclear whether Petitioner was currently confined at the IDRC, the Court made no determination as to whether such confinement at the IDRC rendered Petitioner "in custody" for purposes of habeas relief.  A petitioner is in custody for purposes of habeas relief where he or she is "subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (citing *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 160 (3d Cir. 1997); *see also Maleng*, 490 U.S. at 491 (prisoner placed on parole is still in custody because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities").  In this context, the Third Circuit has held that a 500-hour community service obligation in effect at the time the Petitioner filed the habeas petition satisfied the "in custody" requirement, reasoning that "an individual who is required to be in a certain place . . . or to perform services[ ] is clearly subject to restraints on his liberty not shared by the public generally." *Barry*, 128 F.3d at 161.

as any applicable legal arguments.  Failure by Petitioner to timely respond to this Order may result in the dismissal of his Petition." (*Id.*)

5.   Petitioner has not filed any response to the Order to Show Cause or otherwise communicated with the Court.  As such, the Court assesses the Petition as filed and finds that the Petition fails to provide any facts showing that Petitioner was "in custody" at the time he filed his Petition.  The Court will, therefore, dismiss the Petition pursuant to its screening authority for lack of jurisdiction, *see Leyva*, 504 F.3d at 362 (A federal district court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) "<u>only if [the petitioner] is in custody</u> in violation of the constitution or federal law.") (citations omitted and emphasis added), and will administratively terminate the case accordingly.[2]  An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Date: January 4, 2016

---

[2] The Court makes no findings as to whether the Petition is otherwise timely.